UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL CLEMENTS, an individual, JOY MORRIS,
an individual, ROSA KELLY, an individual,
ANNIE BENTON, an individual, and RANDALL
ABBOT, an individual,

        Hon. Robert J. Jonker

        Case No. 1:18−cv−00655−RJJ−PJG

    Plaintiffs,

v.

RUTH JOHNSON, in her official
Capacity as Michigan Secretary of
State, and MICHIGAN BOARD OF
STATE CANVASSERS,

    Defendants.
_____/

## AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Paul Clements ("Clements"), Joy Morris, Rosa Kelly, Annie Benton, and Randall Abbott ("Petition Signatories") (collectively "Plaintiffs"), for their complaint for declaratory and injunctive relief against Defendants Ruth Johnson, in her official capacity as Michigan Secretary of State, and the Michigan Board of State Canvassers, state as follows:

## I.
## INTRODUCTION

1.    This case arises out of a fatal defect in Michigan's statutes (MCL §§168.544d and 168.552a) governing how the boxes on a countywide Nominating Petition Form for public office identifying what city or township a petition signer is registered in, has adversely impacted Plaintiffs' Federally-protected access to the ballot and right to vote, respectively, in the August 7,

1

2018 Primary Election, in Michigan's 6th Congressional District ("the Michigan 6th") on the West side of the State, which includes all of Berrien, Cass, Kalamazoo, St. Joseph, and Van Buren counties, and the majority of Allegan county.

2. The Michigan statutes at issue present a trap for the unwary candidate and petition signatory whom may accurately provide (a) that they are a resident of the county at issue, (b) that they are registered to vote in the proper district, (c) their name, signature, address, and date of signing, but whom may provide incorrect, duplicative information about the jurisdiction in which they live by checking both of the jurisdictional boxes presented on the form, which is a facial falsehood enabled by statute; or whom may provide no information about the jurisdiction in which they live, even though mandated to do so by statute, by checking none of the boxes offered, which is a facial falsehood enabled by statute, or by checking the wrong box to identify the city or township in which the person is registered to vote.

3. This "city/township trap" unduly burdens candidates and petition signatories/voters with requirement that the signatory correctly answer an unnecessary geography test question when they have already identified their residency requirement by including their address on the far right side of the state-mandated form.

4. Plaintiffs seek immediate declaratory and injunctive relief, respectfully requesting this Honorable Court to issue a temporary restraining order and/or a preliminary injunction to prevent the printing of ballots which do not contain Mr. Clements' name and to require his name to be added to the ballots provided to voters for the office of United States Representative for the Michigan 6th.

## II.

## PARTIES

5. Paul Clements is a candidate who is seeking the Democratic Party's nomination in this race for a seat in the United States House of Representatives.

6. Joy Morris is a registered voter who resides in the Michigan 6th and who signed Mr. Clements' countywide Nominating Petition Form, though her signature was invalidated by the actions of one or both of the Defendants.

7. Rosa Kelly is a registered voter who resides in the Michigan 6th and who signed Mr. Clements' countywide Nominating Petition Form, though her signature was invalidated by the actions of one or both Defendants.

8. Annie Benton is a registered voter who resides in the Michigan 6th and who signed Mr. Clements' countywide Nominating Petition Form, though her signature was invalidated by the actions of one or both of the Defendants.

9. Randall Abbot is a registered voter who resides in the Michigan 6th and who signed Mr. Clements' countywide Nominating Petition Form, though his signature was invalidated by the actions of one or both Defendants.

10. Defendant Ruth Johnson ("Johnson") is the Michigan Secretary of State and is named in her official capacity. Defendant Johnson's official duties include, in relevant part, administering election law and voter registration. She is the Chief Elections Officer of the State of Michigan.

11. Defendant Michigan Board of State Canvassers (the "Board") is a body comprised of members appointed by the Governor with the advice and consent of the Michigan Senate. The Board's official duties include, in relevant part, canvassing nominating petitions filed with the Secretary of State, and voting to certify candidates for appearing on Michigan ballots.

### III.

### JURISDICTION AND VENUE

12. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1331 because the action arises under the Constitution of the United States.

13. Jurisdiction is also proper in this court pursuant to 28 U.S.C. §1343 because the action seeks redress of the deprivation, under color of State law, Plaintiffs' Constitutional rights, privileges, or immunities.

14. Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(1) and (2) as Defendants reside in the Michigan 6th Congressional District, which is wholly included in the U.S. District Court for the Western District of Michigan, and, the all or a substantial part of the acts and omissions giving rise to the action occurred in this district.

### IV.

### GENERAL ALLEGATIONS

15. A candidate for Congress in Michigan must: (A) be over 25 years of age; (B) be a U.S. citizen for at least seven years; and (C) submit 1,000 valid petition signatures on his or her nominating form.

16. Specifically, the petition form approved for countywide use has two boxes at the far left margin of the form. The words next to the first box says "CITY OF" and the words next to the second box says "TOWNSHIP OF."

17. There is no choice and are no words on the form for "VILLAGE OF."

18. Under the statutes, if a citizen petition signatory checks **neither** of the two boxes,

their signature still counts.

19. Under the statutes, if a citizen checks **both** of the two boxes, their signature counts.

20. However, under the statutes, if a citizen checks the **wrong** box, their signature does not count.

21. The Office of the Secretary of State has also taken these positions. (**Exhibit 1**: SOS Circulating and Canvassing Countywide Nominating and Qualifying Petition Forms.)

22. The statutes are **silent** on what the citizen petition signatory is supposed to do if he or she lives in a village.

23. As indicated above, the Michigan 6th is made up of all of Berrien, Cass, Kalamazoo, St. Joseph, and Van Buren counties, and the majority of Allegan County.

24. **Within these counties are no fewer than sixty-six (66) cities, townships, and villages that share identical names**.

25. The list of those jurisdictions is as follows, organized by County:

**Berrien County**
  A. City of Buchanan → Buchanan Township
  B. City of New Buffalo → New Buffalo Township
  C. City of St. Joseph → St. Joseph Charter Township
  D. City of Coloma → Coloma Charter Township
  E. City of Niles → Niles Charter Township
  F. City of Watervliet → Watervliet Charter Township
  G. Baroda Township → Village of Baroda
  H. Galien Township → Village of Galien
  I. Three Oaks Township → Village of Three Oaks
    i) **Subtotal: 18 Jurisdictions**

**Cass County**
  A. Marcellus Township → Village of Marcellus
    i) **Subtotal: 2 Jurisdictions**

**Kalamazoo County**
  A. City of Kalamazoo → Kalamazoo Charter Township

  B. Schoolcraft Township → Village of Schoolcraft
  C. Comstock Charter Township → Comstock (Other Unincorporated)
  D. Richland Township → Village of Richland
  E. Climax Township → Village of Climax
   i) **Subtotal: 10 Jurisdictions**

**St. Joseph County**
  A. City of Sturgis → Sturgis Township
  B. Burr Oak Township → Village of Burr Oak
  C. Colon Township → Village of Colon
  D. Constantine Township → Village of Constantine
  E. Mendon Township → Village of Mendon
  F. White Pigeon Township → Village of White Pigeon
   i) **Subtotal: 12 Jurisdictions**

**Van Buren County**
  A. City of Bangor → Bangor Township
  B. City of Hartford → Hartford Township
  C. City of South Haven → South Haven Charter Township
  D. Lawrence Township → Village of Lawrence
  E. Bloomingdale Township → Village of Bloomingdale
  F. Decatur Township → Village of Decatur
  G. Paw Paw Township → Village of Paw Paw
   i) **Subtotal: 14 Jurisdictions**

**Allegan County**
  A. City of Allegan → Allegan Township
  B. City of Saugatuck → Saugatuck Township
  C. City of Wayland → Wayland Township
  D. Hopkins Township → Village of Hopkins
  E. Martin Township → Village of Martin
   i) **Subtotal: 10 Jurisdictions**

  26. Adding to the confusion, included in this total are three villages in Berrien County (Baroda, Galien, and Three Oaks); one village in Cass County (Marcellus); three villages in Kalamazoo County (Schoolcraft, Richland, and Climax); five villages in St. Joseph County (Burr Oak, Colon, Constantine, Mendon, and White Pigeon); four villages in Van Buren County (Lawrence, Bloomingdale, Decatur, and Paw Paw); and two villages in Allegan County (Hopkins and Martin) which share the same name as a township.

27. Below is a map of the Michigan 6th, available from the Michigan Secretary of State website which identifies the identically named jurisdictions with red arrows.[1] (A larger copy is attached as **Exhibit 2**.)



28. Mr. Clements obtained 1,346 signatures seeking to be included on the primary election ballot for the Michigan 6th.

29. In obtaining the signatures, Mr. Clements used the state-mandated countywide Nominating Petition form of nominating petition, as administered by Defendants.

30. According to MCL §168.544d, the countywide Nominating Petition for partisan

---

[1] The map does not include the village names, so a red arrow only points to the township name that shares a village name.

office is required to conform to the rules in MCL §168.544c and requires that the secretary of state "shall provide for identification of the city or township in which the person signing the petition is registered." MCL §168.544d.

31. The rules in MCL §168.544c require, among other things, that the petition contain the printed name, signature, street address, and zip code of each voter signing the petition. MCL §168.544c(1).

32. According to MCL §168.544c(1) and §168.544d, each voter signing such a petition form must include the following: printed name, signature, street address, zip code, and the identification of the city or township in which the voter is registered.

33. Of the 1,346 signatures submitted, the Board invalidated 198 upon a facial review, leaving 1,148 remaining. (**Exhibit 3**: Staff Review of Nominating Petition.)

34. In addition, Andrew Davis filed a challenge against 417 signatures on Mr. Clements' petition submissions. (**Exhibit 4**) As a result, the Board invalidated an additional 157 signatures, providing that the "majority of signatures invalidated for writing an '<u>incorrect jurisdiction of registration</u>' (emphasis added) were disqualified because the signer wrote the name of the city or township in which he or she is registered to vote, and: (1) The jurisdiction named could refer to a city or township which shares the same name, and (2) When indicating whether the jurisdiction was a city or township, the signer checked the wrong box." (**Exhibit 3**, pp. 1-2.)

35. The Defendants maintain a computerized database of voter registrations known as the Qualified Voter File. (**Exhibit 5**, Michigan Bureau of Elections Election Officials' Manual, Chap. 2. See, for example, p. 2.)

36. Mr. Davis challenged 102 signatures as having incorrectly checked the box for

8

"township" when "city" was the correct answer or, alternatively, incorrectly checked the box for "city" when "township" was the correct answer.

37. As a result of the facial review and the challenge by Mr. Davis, most significantly the challenges based on the "city/township trap", the Board determined that Mr. Clements had only presented 991 valid signatures on his petition, only nine (9) short of the required 1,000. (**Exhibit 3**, p. 1.)

38. If the 102 signatures challenged as having checked the wrong city/township boxes are validated, then Mr. Clements will have the required signatures to be placed on the August 7, 2018 Primary Election ballot.

39. At present, Mr. Clements' name is not on the ballot and Defendant Johnson will very soon be printing ballots that do not contain Mr. Clements' name.

### IV.

### COUNT I –DECLARATION THAT THE STATUTES VIOLATE THE UNITED STATES CONSTITUTION ON THEIR FACE OR AS APPLIED

40. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

41. Defendants and Plaintiffs have adverse legal interests and there is a substantial case or controversy at issue of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as requested herein. This is especially true as the matter at issue involves fundamental constitutional rights affecting freedom of association, freedom of expression and the right to vote.

42. Candidates and voters in the State of Michigan have a First Amendment right to associate freely with each other without arbitrariness by the State based on that association; to participate in the political process and vote in favor of candidates without arbitrariness by the

State based on the way the Nominating Petition Form is designed; and to express their political views without arbitrariness by the State because of the expression of those views or the content of their expression.

43. The Michigan statutes governing the format of the countywide Nominating Petition Form violates the First Amendment because it diminishes and marginalizes and – if left to stand – prohibits Mr. Clements from access to the ballot.  Moreover, it diminishes and marginalizes the votes of petition signatories whose signatures have been invalidated due to arbitrary, unlawful and unreasonable requirements under state law.

44. The Fourteenth Amendment protects the First Amendment freedoms from encroachment by the states.

45. Michigan law, specifically MCL §168.544c(1) and §168.544d unduly burdens candidates and petition signatories/voters by, including, but not limited to, limiting the field of candidates from which voters might choose, and impermissibly encroaching upon candidates' and petition signatories/voters' right of free expression and association.

46. There is no rational basis, let alone a compelling state interest for the requirements at issue, they are arbitrary, unlawful, unreasonable, and no purpose is served by the "city/township trap" particularly when the same state law at issue requires petition signatories/voters to fill out their full address on the far right side of the Nominating Petition Form.

**V.**

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs request an order and judgment for the following relief:

(a) Declaring that Paul Clements is eligible as a candidate for the U.S. House of

Representatives in the Sixth Congressional District primary election;

(b)     Declaring that Paul Clements shall be placed on the ballot as a candidate for the U.S. House of Representatives in the Sixth Congressional District primary election;

(c)     Ordering Defendants Ruth Johnson, the Michigan Secretary of State, and the Board of State Canvassers to certify Paul Clements as a candidate for the U.S. House of Representatives in the Sixth Congressional District;

(d)     Ordering Defendants Ruth Johnson, the Michigan Secretary of State, and the Board of State Canvassers not to print official ballots for the Democratic Primary Election without the name of Paul Clements as a candidate for the U.S. House of Representatives in the Sixth Congressional District;

(e)     Declaring MCL §§168.544d and 168.552a(1) unconstitutional as applied, or, alternatively, on their face;

(f)     Ordering an expedited evidentiary hearing in this matter, allowing the Parties to offer evidence and testimony;

(g)     Ordering such other and further relief as is necessary and appropriate to provide complete relief to Plaintiffs;

(h)     Ordering such other and further relief as is appropriate; and

(i)     Awarding attorney fees and costs necessitated by bringing this action.

    Respectfully submitted,

    **THE MILLER LAW FIRM, P.C.,**

    <u>**/s/** Melvin Butch Hollowell</u>
    Melvin Buch Hollowell (P37834)
    Angela L. Baldwin (P81565)
    Martha J. Olijnyk (P60191)

                        The Miller Law Firm, P.C.
                        Attorneys for Plaintiffs
                        1001 Woodward Avenue, Suite 850
                        Detroit, MI 48226
                        mbh@millerlawpc.com
                        alb@millerlawpc.com
                        mjo@millerlawpc.com
Dated: June 12, 2018          (313) 483-0880

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL CLEMENTS, an individual, JOY MORRIS,
an individual, ROSA KELLY, an individual,             Hon. Robert J. Jonker
ANNIE BENTON, an individual, and RANDALL
ABBOT, an individual,                                 Case No. 1:18−cv−00655−RJJ−PJG

        Plaintiffs,

  v.

RUTH JOHNSON, in her official
Capacity as Michigan Secretary of
State, and MICHIGAN BOARD OF
STATE CANVASSERS,

        Defendants.
_____/

## PROOF OF SERVICE

Alexis C. Haan certifies that on June 12, 2018, she served Amended Verified Complaint

for Declaratory and Injunctive Relief and this Proof of Service via Certified Mail upon:

Ruth Johnson
Michigan Secretary of State
State of Michigan
Legal Services Administration
Richard H. Austin Building
430 W. Allegan, 4th Floor
Lansing, Michigan 48918

State Board of Canvassers
State of Michigan
c/o Bureau of Elections
Michigan Department of State
Richard H. Austin Building
430 West Allegan, 1st Floor
P.O. Box 20126
Lansing, Michigan 48901

2

I declare under the penalty of perjury that the statements made above are true to the best of my knowledge, information, and belief.

*/s/ Alexis C. Haan*
Alexis C. Haan

## VERIFICATION

I, Paul Clements, have read and made this Verified Complaint for Declaratory and Injunctive Relief, and attest that those facts stated herein of my own knowledge are true and accurate and that those matters stated otherwise are those of which I have been informed and I believe to be true after reasonable inquiry.

_/s/ Paul Clements_
Paul Clements

Dated: June 11, 2018

## VERIFICATION OF ANNIE BENTON

I, ANNIE BENTON, being sworn and upon her oath, states that she is one the Plaintiffs in this cause, and that she has read the foregoing Verified Complaint, and that the contents therein are true and accurate to the best of her knowledge and belief.

*Annie Benton*

ANNIE BENTON

SUBSCRIBED AND SWORN TO before me on this ⎵11th⎵ day of June, 2018.

*Kymi R Toliver*

Notary Public

My Commission Expires: ⎵August 21, 2021⎵

KYMI R TOLIVER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF KALAMAZOO
My Commission Expires August 21, 2021
Acting in the County of Kalamazoo

## VERIFICATION OF JOY MORRIS

I, JOY MORRIS, being sworn and upon her oath, states that she is one the Plaintiffs in this cause, and that she has read the foregoing Verified Complaint, and that the contents therein are true and accurate to the best of her knowledge and belief.

_____
JOY MORRIS

SUBSCRIBED AND SWORN TO before me on this 11TH day of June, 2018.

_____
Notary Public

My Commission Expires: August 21, 2021

```
KYMI R TOLIVER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF KALAMAZOO
My Commission Expires August 21, 2021
Acting in the County of Kalamazoo
```

## VERIFICATION OF RANDALL ABBOT

I, RANDALL ABBOT, being sworn and upon her oath, states that she is one the Plaintiffs in this cause, and that she has read the foregoing Verified Complaint, and that the contents therein are true and accurate to the best of her knowledge and belief.

_____
RANDALL ABBOT

SUBSCRIBED AND SWORN TO before me on this 11th day of June, 2018.

_____
Notary Public

My Commission Expires: August 21, 2021

KYMI R TOLIVER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF KALAMAZOO
My Commission Expires August 21, 2021
Acting in the County of Kalamazoo

## VERIFICATION OF ROSE KELLY

I, ROSE KELLY, being sworn and upon her oath, states that she is one the Plaintiffs in this cause, and that she has read the foregoing Verified Complaint, and that the contents therein are true and accurate to the best of her knowledge and belief.

_____
ROSE KELLY

SUBSCRIBED AND SWORN TO before me on this 11th day of June, 2018.

_____
Notary Public

My Commission Expires: August 21, 2021

KYMI R TOLIVER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF KALAMAZOO
My Commission Expires August 21, 2021
Acting in the County of Kalamazoo